## MUSGROVE et al v. HEARD and
## METROPOLITAN DADE COUNTY
### No. 81-213 AP
Circuit Court, Eleventh Circuit, Appellate Division
November 5, 1982

Sallary M. Richardson, Shutts & Bowen, for appellants.

Marion Sibley, for appellees T.H. Heard and Anita Heard.

Robert A. Ginsburg, County Attorney and Eileen B. Meha, Asst. County Attorney, for Dade County.

Before GODERICH, HENDERSON and SALMON, J.J.

PER CURIAM

Appellants, Barbara Musgrove and the Bird-Kendall Homeowner's Association appeal Resolution No. Z-130-81 of the Metropolitan Dade County Board of County Commissioners (the "Commissioners") which changed the zoning of the appellees' property (the "Heard property") from GU to EU-1. We find that the Commissioners failed to comply with the requirements of Section 24-12.1 of the Code of Metropolitan Dade County, and we quash the Resolution for that reason.

The Heard property was originally zoned GU, as an interim district that was predominantly agricultural. On July 11, 1979 the Commissioners adopted the Comprehensive Development Master Plan for Metropolitan Dade County. The Master Plan designated the area containing the Heard property for low to medium density residential development (up to 5.0 dwelling units per acre).

The Master Plan provided that actual land uses and densities were to be determined in subsequent neighborhood plans. On January 22, 1981 the Metropolitan Dade County Planning Advisory Board approved such a neighborhood plan, the West Dade-Ranch Area Study, encompassing the Heard property. The neighborhood plan suggested that the Heard property be zoned AU for agricultural use with a maximum density of one (1) dwelling unit per five (5) acres. On April 29, 1981 the Commissioners voted to adopt the Area Study as part of the Master Plan.

The Heard application for rezoning requested that the property be rezoned from GU to RU-1 (single family residential), which allows a maximum density of approximately 3.5 dwelling units per acre. The Planning Department and the Building and Zoning Department recommended denial of the application because the request was not in accordance with the West Dade-Ranch Area Study. The Department of Environmental Resources Management (DERM) determined that the property is less than ten (10) days hydraulic travel time from the nearest well and not suitable for RU zoning. The Department of Environmental Resources Management stated in its report that the maximum allowable zoning under Section 24-12.1 of the Metropolitan Dade County Code would be EU-M, Estates Modified use.

At the Heard hearing held on May 21, 1981 the Heards changed their request from RU-1 to EU-1, which allows one (1) dwelling unit per acre. The Commissioners passed the Heard Resolution and rezoned the property from GU to EU-1 without obtaining further approval from DERM.

Section 24-12.1 requires prior written approval from DERM before the Board of County Commissioners can approve any zoning of property which is located within the ''cone of influence'' of a water supply. Appellees contend that DERM approval was unnecessary because the Resolution rezoned the property to EU-1 which more restrictive than the EU-M designation which would be the maximum zoning allowable on the property. We disagree. The Commissioners must obtain prior written approval from DERM before granting any application for rezoning of land within a ''cone of influence.''

For the reasons stated in this opinion it is not neccesary to reach the other grounds raised by the Appellants; our failure to do so should not be considered as a rejection or approval of them. The Resolution is hereby quashed.

QUASHED